UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LUIS ALBERTO DE LA CRUZ MORA.,**

   Petitioner,

v.                                      No. 4:26-cv-00122-P

**WARDEN PRAIRIELAND DETENTION CENTER,**

   Respondent.

# ORDER

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order (ECF No. 5). Having reviewed the filings, the docket in this case, and the relevant law, the Court finds that Petitioner has not made the requisite showings for issuance of a temporary restraining order and therefore **DENIES** the Motion.

Temporary restraining orders are "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999). Rule 65 of the Federal Rules of Civil Procedure governs injunctions and restraining orders. Petitioner's request for a temporary restraining order does not specify whether he wishes to proceed *ex parte*, or whether notice has been provided to Respondent. Therefore, the Court considers both avenues in turn.

Insofar as Petitioner is requesting that the Court grant an *ex parte* temporary restraining order, he has completely failed to discuss the issue of notice. Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the court may issue a temporary restraining order without notice to the adverse party or its attorney only if both of the following requirements are met:

   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage

> will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B). Petitioner fails to certify via writing any of the efforts made to give notice to Respondent. *See* ECF No. 5. In fact, Petitioner has not even filed proof of service of process of the Motion on Defendant. Further, Petitioner fails to explain the reasons why notice should not be required given the circumstances of this case. The Court therefore concludes that Petitioner's request for an *ex parte* temporary restraining order fails to meet the requirements of Rule 65(b)(1)(B).

Alternatively, if Petitioner is not seeking *ex parte* relief from the Court, he fails to meet the requirements of a temporary restraining order. For a district court to grant a request for a temporary restraining order, a Petitioner must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that the movant will suffer irreparable injury if the request is denied, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). When considering the degree of threat that the movant faces, a presently existing actual threat must be shown. *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001). The court cannot grant a request for injunctive relief "to prevent the possibility of some remote future injury." *Id.*

Here, Petitioner's conclusory two-page filing fails to satisfy all four requirements. Therefore, the Court hereby **DENIES** the request for a Temporary Restraining Order (ECF No. 5).

**SO ORDERED** on this **5th day February 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE