IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS ALBERTO DE LA CRUZ MORA, *Melissa Gonzales Olivera as Next Friend*,         Petitioner, <br><br> v. <br><br> DIRECTOR, TDCJ-CID <br>         Respondent. | § § § § § § § § § § § | No. 3:26-cv-312-N (BT) |

## ORDER

Federal prisoner Luis Alberto De La Cruz Mora is currently in the custody of United States Immigration and Customs Enforcement. Pending before the Court is a document from Melissa Gonzales Olivera seeking to file a 28 U.S.C. § 2241 petition on his behalf. ECF No. 1. However, the petition is not on the court-approved form, so the Court is unable to screen it at this time.

Further, while 28 U.S.C. § 2242 permits a person other than the petitioner to sign a habeas petition, the Fifth Circuit has explained that a non-lawyer acting on behalf of a prisoner "may not file a petition in every case in which the person actually detained might file a petition." *Burruss v. Hawkins*, 2023 WL 319955, at *3 (S.D. Tex. Jan. 9, 2023) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978) (per curiam)).

Rather, a non-lawyer may sign and file a habeas petition on behalf of someone else when the petition "establishes some reason or explanation,

satisfactorily to the court, showing: (1) why the detained person did not sign and verify the petition, and (2) the relationship and interest of the would-be 'next friend.'" *Weber*, 570 F.2d at 513-14. The petition must also "set forth an adequate reason or explanation of the necessity for resort to the 'next-friend' device." *Id.* at 514. Examples of the necessary use of this device include an "inability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity." *Id.* at 514 n.4; *see also Uranga v. Davis*, 893 F.3d 282, 285–86 (5th Cir. 2018).

The "next friend" has the burden to establish that her status is proper. *See Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990). If the petitioner does not satisfy these requirements, the court has no jurisdiction to consider the petition. *Weber*, 570 F.2d at 514. Olivera's filing does not address the "next friend" device and does not appear to satisfy any of the criteria necessary to obtain next friend status. Accordingly, it is **ORDERED** that, by **February 19, 2026**:

1. Melissa Gonzales Olivera, would-be "next of friend," shall file a response showing that she meets the criteria set forth above. In the alternative, Petitioner Luis Alberto De La Cruz Mora shall sign and refile the petition himself.

2. Petitioner Luis Alberto De La Cruz Mora shall submit his habeas petition on the standardized form provided.

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE DISMISSAL OF THIS CASE UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(b).**

The Clerk of Court shall send Petitioner Luis Alberto De La Cruz Mora and Melissa Gonzales Olivera a copy of this order and a form § 2241 petition.

**SO ORDERED.**

February 6, 2026.

                                REBECCA RUTHERFORD
                                UNITED STATES MAGISTRATE JUDGE