IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS ALBERTO DE LA CRUZ MORA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-312-E (BT) |
| | § | |
| WARDEN, PRARIELAND | § | |
| DETENTION CENTER | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Luis Alberto De La Cruz Mora filed an amended application for federal habeas relief under 28 U.S.C. § 2241. ECF No. 15. Petitioner, a Cuban national, seeks release from immigration detention. Pending before the Court are Petitioner's "Emergency Motion for Stay of Removal" (ECF No. 16) and "Emergency Motion for Temporary Restraining Order" (ECF No. 17) to prevent Respondent from removing or transferring him during the pendency of this action. The Court construes these motions as jointly seeking a temporary restraining order enjoining Respondent from removing Petitioner from the country while his habeas case is pending. *See*, *e.g.*, *Sharon Ngebi Ngonganang*, civil action No. 26-0415, 2026 WL 477465, at *1 (W.D. La. Feb. 19, 2026) (construing the petitioner's motion to remain in the country during the pendency of her habeas petition as seeking a temporary restraining order for that relief). Having reviewed the filings, the docket in this case, and the relevant law, the Court finds that Petitioner has not made the requisite showings for the issuance of a temporary restraining order and therefore **DENIES** the motions.

This is Petitioner's second application for a temporary restraining order. *See* ECF No. 10 (order denying Petitioner's first motion for a temporary restraining order). Another District Judge of this Court denied Petitioner's first motion for a temporary restraining order because Petitioner failed to meet Federal Rule of Civil Procedure 65's notice requirements and because he failed to show such relief was appropriate on the merits. Petitioner's second request for a temporary restraining order fails for the same reasons.

Temporary restraining orders are "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999). Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. Here, Petitioner does not specify whether he seeks an *ex parte* temporary restraining order or whether he provided notice to Respondent. Therefore, the Court considers both avenues in turn.

If Petitioner is requesting that the Court grant an *ex parte* temporary restraining order, he does not satisfy Rule 65(b)(1), which provides that a Court can issue an *ex parte* temporary restraining order without notice to the adverse party or its attorneys only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage, will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). Petitioner fails to certify in writing any of the efforts made to give notice to Respondent. *See* ECF Nos. 16, 17. Petitioner has not shown that Respondent has notice of the emergency relief he requests, and he fails to explain why such notice should not be required. Petitioner is not entitled to an *ex parte* temporary restraining order.

Even if Petitioner satisfied Rule 65(b) or was not seeking *ex parte* relief, he also fails to show that a temporary restraining order is warranted on the merits. For a district court to grant a

request for a temporary restraining order, Petitioner must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that the movant will suffer irreparable injury if the request is denied, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). When considering the degree of threat that the movant faces, a presently existing actual threat must be shown. *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001). The Court cannot grant a request for injunctive relief "to prevent the possibility of some remote future injury." *Id.*

Here, Petitioner's conclusory two-page filings (ECF Nos. 16 & 17) fail to satisfy all four requirements. Therefore, the Court **DENIES** Petitioner's "Emergency Motion for Stay of Removal" (ECF No. 16) and "Emergency Motion for Temporary Restraining Order" (ECF No. 17).

SO ORDERED THIS 26th day of February 2026.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

3