IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LUIS ALBERTO DE LA CRUZ §
MORA, §
    Petitioner, §
        §
        §
v.         §  No. 3:26-cv-312-E (BT)
        §
WARDEN, PRARIELAND §
DETENTION CENTER, §
        §
    Respondent. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Alien detainee Luis Alberto De La Cruz Mora filed a *pro se* habeas application under 28 U.S.C. § 2241 through a purported "next friend," Melissa Gonzalez Olivera, challenging his immigration detention. Petition (ECF No. 1). But the petition was not filed on the correct form, and Olivera did not make the showing required to file a petition on Petitioner's behalf under 28 U.S.C. § 2242 and Supreme Court Precedent. So the Court issued an order and notice of deficiency (NOD) requiring (1) Olivera to justify her "next friend" status or for Petitioner to refile the petition in his own name, and (2) for an amended petition to be filed on the Court-approved form. NOD at 2 (ECF No. 14). The Court gave Petitioner until February 19, 2026, to comply with the NOD and supplied the habeas form necessary for compliance. *Id.* at 2-3. The Court also warned Petitioner that his failure to comply might result in the dismissal of this case under Federal Rule of Civil Procedure 41(b). *Id.* at 2.

1

Petitioner subsequently filed an amended petition in his own name, but it is still not filed on the correct, Court-approved form for § 2241 petitions, and his deadline to comply with the NOD has passed. *See* Amended Pet. (ECF No. 15). Further, documents sent to Petitioner at his detention facility have been returned as undeliverable (ECF No. 23), and Petitioner has not provided an updated address despite instructions to do so in the standard instructions that the Court sends to *pro se* litigants. *See* Instructions to a Prisoner *Pro Se* Plaintiff (ECF No. 13).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Petitioner's failures to file a habeas application on the Court's approved form for filing petitions and to update his address have stalled this case and indicate an unwillingness to prosecute. Thus, the District Judge should dismiss Petitioner's

2

case without prejudice for failure to prosecute and failure to follow Court orders. *See, e.g.*, *Wildhaber v. United States,* 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020)* ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Texas v. Hill,* 2020 WL 5913669, at *1 (N.D. Tex. Sept. 14, 2020) ("The petitioner failed to comply with the orders that he file his § 2241 petition on the appropriate form and either pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. The case should therefore be dismissed under Rule 41(b) for failure to prosecute or follow court orders."), *rec. accepted* 2020 WL 5912417 (N.D. Tex. Oct. 6, 2020); *Lewis v. Hardy,* 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam) (noting that "the failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute.").

## Recommendation

The District Judge should dismiss Petitioner's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

**SO RECOMMENDED.**

April 9, 2026.

_____
HON R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4